IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIM. NO. 5:19-CR-79 (TES) |
| KELLY LYNN MCCORMICK, Defendant | : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Kelly Lynn McCormick, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant her understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf,

1



but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in *United States v. Booker*, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as follows:

(A) The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment, which charges Defendant with Assault on a Federal Employee, in violation of Title 18, United States Code, Sections 111(a)(1).

(B) That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count One to a maximum sentence of eight (8) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised

2



release of at least three (3) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

However, this plea agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the Government and Defendant agree and stipulate that the Defendant should be sentenced to a term of probation of 24 months and other standard and mandatory conditions. Furthermore, the Defendant shall further undergo treatment for alcohol abuse and anger management and shall have no contact of any sort with the victim in the case. The Defendant acknowledges and understands that this recommendation to the Court is binding, if the Court accepts the plea agreement. The Court may reject this plea agreement pursuant to Rule 11(c)(5), where the Court must do the following: (A) inform the parties that the court rejects the plea agreement; (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

(C) Subject to the conditions stated in Paragraph 3(B) above, the Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein.

(D) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(E) **Waiver of Appeal Rights and Right of Collateral Attack:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this Plea Agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant



agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(F) Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant.

(B) The Government and Defendant agree and stipulate that the Defendant should be sentenced to a term of probation of 24 months and other standard and mandatory conditions. The Government and Defendant further agree and stipulate that the Defendant shall undergo treatment for alcohol abuse and anger management.

(5)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly,

5



threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(6)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On or about April 23, 2019, United States Postal Service employee ("USPS") J.L. was on duty while delivering mail when she stopped at 4290 Dellwood Avenue, Macon, Georgia, to deliver mail. J.L. is a full-time USPS employee, was employed as a mail carrier at the time, and was performing her official duties on April 23, 2019. 4290 Dellwood Avenue was occupied by an Exxon convenience store at the time. J.L. arrived at the store just before 4:30 pm while on duty and parked her USPS vehicle out front of the store, got out of her vehicle, and delivered mail to the store clerk waiting out front for her. J.L. then asked if she could use the store's bathroom, and the clerk consented and gave her the key. J.L. then went into the restroom. A clearly intoxicated white female, later identified as the Defendant, Kelly Lynn McCormick was pacing back and forth outside the bathroom occupied by J.L. As J.L. exited the bathroom and attempted to shut the bathroom door and lock it back, McCormick attempted to force her way into the bathroom without having first gained consent from the store clerk. J.L. attempted to shut

6



the door and eventually had to push McCormick back away from her once McCormick became angry and screamed in J.L.'s face. The two women grappled briefly before McCormick and J.L. pushed off of each other and disengaged. J.L. then went about her business as McCormick stormed out of the store.

After McCormick exited the store, J.L. remained inside of the store briefly before exiting the store in order to get back into her USPS vehicle and continue her route. As J.L. walked to her vehicle, McCormick began yelling at J.L. as she attempted to get into her vehicle. McCormick then charged at J.L. and struck J.L. in the head with a closed fist and briefly grappled with J.L. until several bystanders were able to separate the two women. The entire incident was recorded on the convenience store's surveillance camera system.

(7)

ACCEPTANCE OF PLEA AGREEMENT



Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 27th day of January, 2021.

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

BY: _____
STEVEN C. OUZTS
ASSISTANT UNITED STATES ATTORNEY

I, Kelly Lynn McCormick, have read this agreement and had this agreement read to me by my attorney, Christina Hunt. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
KELLY LYNN MCCORMICK
DEFENDANT

I, Christina Hunt, attorney for Defendant Kelly Lynn McCormick, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
CHRISTINA HUNT
ATTORNEY FOR DEFENDANT